UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE F. SWARTZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF CALIFORNIA,<br><br>　　　　Defendant. | No.  2:25-cv-00902-DC-CSK (PS)<br><br>ORDER DENYING MOTION FOR DISQUALIFICATION<br><br>(Doc. No. 4) |

　　　　This matter is before the court on Plaintiff's motion to disqualify the undersigned district judge pursuant to 28 U.S.C. § 455. (Doc. No. 4.) For the reasons set for below, Plaintiff's motion will be denied.

　　　　"Federal law allows a judge to recuse from a matter based on a question of partiality, personal bias or prejudice concerning a party, or personal knowledge or disputed evidentiary facts concerning a proceeding." *Iliya v. Cnty. of Sacramento*, No. 2:22-cv-01305-DC-CSK, 2025 WL 791704, at *1 (E.D. Cal. Feb. 12, 2025) (citing 28 U.S.C. § 455(a), (b)(1)). "The standard for recusal is 'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984) (citation omitted). "The goal of section 455(a) is to avoid even the appearance of partiality." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988) (citation omitted). "Although a judge must recuse [] from any proceeding in which any of the section 455

1

1  criteria apply, [the judge] must not simply recuse out of an abundance of caution when the facts
2  do not warrant recusal." *Vargas v. Cal. Dep't of Corrs. & Rehab.*, No. 1:20-cv-000083-JLT-CDB,
3  2024 WL 4682652, at *2 (E.D. Cal. Oct. 18, 2024) (citing *United States v. Holland*, 519 F.3d
4  909, 912 (9th Cir. 2008)).

5      In the pending motion, Plaintiff asserts that disqualification and recusal are appropriate
6  simply because of the race and gender of the district judge assigned to his case, and Plaintiff's
7  beliefs regarding the competencies and temperament of African American women. (Doc. No. 4.)
8  Specifically, Plaintiff appears to take issue with African American women serving as federal
9  judges, by calling into question their qualifications, including mathematical skills and scores on
10  standardized tests. (*Id.* at 3–7.) Plaintiff also asserts that women are irrationally arrogant and
11  angry, and he has "identified a difficult-to-describe concern in reviewing [the undersigned's]
12  online profile and picture." (*Id.* at 6.)

13      Plaintiff has not provided any factual basis that would justify recusal of the undersigned as
14  the district judge in this case. Thus, Plaintiff's motion for the disqualification and recusal of the
15  undersigned (Doc. No. 4) is hereby DENIED.

18      IT IS SO ORDERED.

19  Dated:  **April 15, 2025**

                    Dena Coggins
20                      United States District Judge