UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE F. SWARTZ,<br><br>          Plaintiff,<br><br>     v.<br><br>STATE OF CALIFORNIA,<br><br>          Defendant. | Case No. 2:25-cv-00902-DC-CSK PS<br><br>ORDER, AND FINDINGS AND RECOMMENDATIONS<br><br>(ECF Nos. 1, 2, 9, 11, 13-18) |

Plaintiff Jesse F. Swartz is representing himself in this action and seeks leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915.[1] (ECF No. 2.) For the reasons that follow, the Court recommends Plaintiff's IFP application be denied, and the First Amended Complaint be dismissed without leave to amend.

I.     **MOTION TO PROCEED IN FORMA PAUPERIS**

28 U.S.C. § 1915(a) provides that the court may authorize the commencement, prosecution or defense of any suit without prepayment of fees or security "by a person who submits an affidavit stating the person is "unable to pay such fees or give security therefor." This affidavit is to include, among other things, a statement of all assets the person possesses. *Id*. The IFP statute does not itself define what constitutes insufficient

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1

assets. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). In *Escobedo*, the Ninth Circuit stated that an affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay court costs and still afford the necessities of life. *Id*. "One need not be absolutely destitute to obtain benefits of the in forma pauperis statute." *Id*. Nonetheless, a party seeking IFP status must allege poverty "with some particularity, definiteness and certainty." *Id*. According to the United States Department of Health and Human Services, the current poverty guideline for a household of one (not residing in Alaska or Hawaii) is $15,060.00. *See* U.S. Dpt. Health & Human Service (available at https://aspe.hhs.gov/poverty-guidelines).

      Here, Plaintiff's IFP shows that he has a monthly income of $400. *See* ECF No. 2. Plaintiff has made the required showing under 28 U.S.C. § 1915(a). *See id.* However, the Court will recommend Plaintiff's IFP application be denied because the action is facially frivolous and without merit because it fails to state a claim and lacks subject matter jurisdiction. "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting *Tripati v. First Nat. Bank & Tr.*, 821 F.2d 1368, 1370 (9th Cir. 1987)); *see also McGee v. Dep't of Child Support Servs.*, 584 Fed. App'x. 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit"); *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis."). Because it appears from the face of the Second Amended Complaint ("SAC") that this action is frivolous and is without merit as discussed in more detail below, the Court recommends denying Plaintiff's IFP motion.

/ / /

## II. SCREENING REQUIREMENT

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (2000) (en banc). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

Pleadings by self-represented litigants are liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. *See Lopez*, 203 F.3d at 1130-31; *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996).

/ / /

### III. COMPLAINTS

Plaintiff filed his Complaint on March 20, 2025. Plaintiff's initial Complaint is titled "petition for declaratory remedy" and "seeks only interpretation" of whether Plaintiff has complied with California's Government Claims Act and if he can bring suit under 42 U.S.C. § 1983. Compl. at 2 (ECF No. 1). Plaintiff lists the State of California as the Defendant. Plaintiff states that if the Court finds Plaintiff has complied with the Act, Plaintiff "seeks to translate the case into a complaint against the State of California and, most likely," the Democratic Party. *Id.* Plaintiff states that he "will suggest" that the Democratic Party "sought to destroy [Plaintiff's] physical form, earning power, life enjoyment prospects and reputation." *Id.* at 2-3. Plaintiff attaches 20 pages of "claim letters." *Id.* at 5-28. On April 4, 2025, Plaintiff filed a "supplement" of exhibits supporting his Complaint. (ECF No. 8.)

On April 16, 2025, Plaintiff filed a First Amended Complaint ("FAC"). (ECF No. 11.) Plaintiff lists both the State of California and the Democratic Party as Defendants. *Id.* at 1. In the FAC, Plaintiff states that he is following the "petition" he filed with this action for damages under 42 U.S.C. § 1983. *Id.* at 2. Plaintiff is attempting to bring claims for violations of the Eighth and Fourteenth Amendments. *Id.* Plaintiff appears to bring a claim for cruel and unusual punishment arguing that "[e]vidence is presented" that "some entity . . . probably a subsection of the Democratic Party in California," has "marked [Plaintiff] as an enemy and conducted what is referred to as a 'Tear Down Project' against him." *Id.* at 2. Plaintiff alleges that this "entity" has delayed or prevented employment, "alter[ed] [Plaintiff's] physical self to make him less attractive and presentable, prematurely age him, prevent his ability to have children . . . , destroy his public reputation, have him beaten on the streets" and other claims. *Id.* at 2-3. Plaintiff provides an explanation of his remedy demands describing "Plaintiff as valuable property." *Id.* at 3. Plaintiff also describes how he moved to California from Ohio, was allegedly assaulted at a Marriott Hotel, and describes other lawsuits he has filed. *Id.* at 4-8. As a remedy, Plaintiff seeks damages, "medical and dental repair," "intellectual

property assessment," "employment evaluation and placement," "romantic pairing and family planning," "tax relief," and injunctive relief. *Id.* at 9-10.

Plaintiff filed a SAC on April 18, 2025 (ECF No. 13), and various exhibits supporting the SAC (ECF Nos. 16, 17, 18). The SAC includes all the claims in the FAC, and adds Governor Gavin Newsom as a Defendant, adds a claim for corruption under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and seeks a federal investigation into the matters in the SAC. SAC at 9-10, 12. Plaintiff alleges that he "concluded that San Francisco, and perhaps the State, operated a sort of Houthi-rebel camp." *Id.* at 9. He states that non-profits and City/County entities "employed ex-convicts or uncaught criminals" who "would rob a store, beat down or harass a target and/or defame plaintiff." *Id.* Plaintiff alleges that he was monitored based on his monetary expenditures and "entrapped" by San Francisco Law Library personnel. *Id.* at 10.

Plaintiff has filed various other motions, including a motion for judicial disqualification (ECF No. 4), which was denied by the District Judge (ECF No. 10); a motion for judgment on the pleadings (ECF No. 9); and a motion to strike and reconsider the order denying the motion for judicial disqualification, and a motion to stay the case for 90 days (ECF No. 14).

**IV.   DISCUSSION**

   **A.   Plaintiff's Complaints**

Plaintiff initiated this action on March 20, 2025 with a document titled "petition for declaratory relief." *See* Compl. On March 31, 2025, Plaintiff filed a "proof of service" indicating that he served the initial Complaint on March 21, 2025. (ECF No. 7 at 5.) On April 16, 2025, he filed a FAC (ECF No. 11), and a "proof of service" and request for waiver of service of summons of the FAC (ECF No. 12). On April 18, 2025, he filed a SAC. (ECF No. 13.) Plaintiff did not provide any information regarding service of the SAC.

Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading once as a matter of course no later than 21 days after serving it. In all other cases, a

1 party may amend its pleading only with the court's leave, and the court should freely give
2 leave when justice so requires. Fed. R. Civ. P. 15(a)(2). Four factors commonly used by
3 courts to determine the propriety of a motion to amend are: bad faith, undue delay,
4 prejudice to the opposing party, and futility of the amendment. *See Eminence Capital,*
5 *LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051-52 (9th Cir.2003) (citing *Forman v. Davis*, 371
6 U.S. 178, 182 (1962)).

7     Here, it appears that Plaintiff attempted to serve the State of California with the
8 initial Complaint on March 21, 2025. (ECF No. 7 at 5). However, it is unclear whether
9 Plaintiff was successful. Plaintiff also filed his FAC before the Court screened his
10 Complaint.

11     Plaintiff also filed a SAC two days after filing the FAC, which is both untimely and
12 without leave of court. Because it is unclear whether service of any defendant has
13 actually occurred, and because it appears Plaintiff intends the SAC to be his operative
14 complaint, the Court will excuse the late filing of the SAC without leave of court and
15 construe the SAC as the operative complaint.

16     The Court further notes that Plaintiff separately and subsequently filed various
17 exhibits supporting the SAC. (ECF Nos. 16-18.) To the extent Plaintiff attempts to add
18 additional claims or further amend the SAC through these separate exhibits, this is
19 improper. The filings at ECF Nos. 16-18 will be disregarded.

20     <u>Plaintiff is warned that if these Findings and Recommendations are not adopted</u>
21 <u>and this case is still active, Plaintiff may not further amend the SAC without filing a</u>
22 <u>motion to amend and only after such a motion is granted by the Court. Plaintiff has</u>
23 <u>already exhausted amending as of right under Rule 15(a).</u>

24     **B.**    **Plaintiff's Request to Correct the Docket**

25     Plaintiff has filed a request to correct the Docket, stating that ECF No. 11 should
26 be titled "Complaint" not "First Amended Complaint," and that ECF No. 13 is the "First
27 Amended Complaint." (ECF No. 15.) Plaintiff also states that the Democratic Party and
28 Governor Gavin Newson should be added as Defendants. *Id.*

The Court denies the request to change the titles of ECF Nos. 11 and 13. The Court grants the request to add the Democratic Party and Governor Gavin Newsom as defendants on the Docket as listed in the SAC. The Clerk of Court is directed to update the Docket accordingly.

### C. Lack of Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and may hear only those cases authorized by federal law. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Jurisdiction is a threshold inquiry, and "[f]ederal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)); *see Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). Without jurisdiction, the district court cannot decide the merits of a case or order any relief and must dismiss the case. *See Morongo*, 858 F.2d at 1380. A federal court's jurisdiction may be established in one of two ways: actions arising under federal law or those between citizens of different states in which the alleged damages exceed $75,000. 28 U.S.C. §§ 1331, 1332. "Subject-matter jurisdiction can never be waived or forfeited," and "courts are obligated to consider *sua sponte*" subject matter jurisdiction even when not raised by the parties. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

The SAC fails to establish the Court's subject matter jurisdiction. *See* SAC. The SAC attempts to bring claims under 42 U.S.C. § 1983 and RICO. SAC at 2. However, the SAC does not adequately present any federal question. Plaintiff makes conclusory statements about how some "entity" has "marked [Plaintiff] as an enemy" and has sought to harm Plaintiff in various ways. *Id.* at 2-3. Plaintiff also describes his perceived "value." *Id.* at 3. However, Plaintiff has not described how these allegations violate the Eighth or Fourteenth Amendments. Further, Plaintiff makes conclusory statements about how non-profit organizations and "City-County entities" employ ex-convicts who "harass a target and/or defame plaintiff," and how Plaintiff was monitored based on his monetary

expenditures and "entrapped" by law library personnel. *Id.* at 9-10. Plaintiff also does not describe how these allegations violate the RICO Act.

Further, the SAC does not allege that there is diversity of citizenship between the parties where it alleges that Plaintiff is a California citizen, and identifies the Defendants as the State of California, California Governor Newsom, and the Democratic Party. SAC at 1. Therefore, the Court lacks subject matter jurisdiction.

### D.    Failure to Comply with Federal Rule of Civil Procedure 8

The SAC does not contain a short and plain statement of a claim as required by Federal Rule of Civil Procedure 8. In order to give fair notice of the claims and the grounds on which they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. *See Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996). Plaintiff states that he is attempting to bring claims under the Eighth and Fourteenth Amendments, and the RICO Act, but he does not provide any specific facts supporting his claims. He only provides conclusory allegations of harm that allegedly occurred against him. Much of the SAC is devoted to describing Plaintiff's perceived personal value and other cases he has filed. SAC at 3-8. Plaintiff's allegations are conclusory and are not supported by sufficient facts. Although the Federal Rules adopt a flexible pleading policy, even a pro se litigant's complaint must give fair notice and state the elements of a claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).

The SAC is subject to dismissal. *See McHenry v. Renne*, 84 F.3d 1172, 1178-80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery").

### E.    Eleventh Amendment Immunity

Plaintiff is attempting to bring his claims against the State of California under 42 U.S.C. § 1983. One of the requirements for stating a claim under § 1983 is that the violation was committed by a "person" acting under the color of state law. *Cortez v. Cnty.*

8

*of Los Angeles*, 294 F.3d 1186, 1188 (9th Cir. 2002). A state is not considered a "person" under § 1983 and is immune from suit under the Eleventh Amendment. *Id.* (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989)). Therefore, Plaintiff's claims against the State of California are barred by the Eleventh Amendment and should be dismissed.

### F. Plaintiff's Other Filings

Plaintiff has filed a motion for judgment on the pleadings (ECF No. 9); and a motion to strike and reconsider the order denying the motion for judicial disqualification, and a motion to stay the case for 90 days (ECF No. 14). Because the undersigned recommends that the case be dismissed without leave to amend, the motion for judgment on the pleadings and motion to stay should be DENIED as moot.[2]

### G. Leave to Amend

In considering whether leave to amend should be granted, the Court considers that this is not the first suit Plaintiff has initiated in this district court, and Plaintiff's claims were also dismissed without leave to amend. *See Swartz v. Alsup*, No. 2:24-cv-02112-DC-CSK PS, 2025 WL 82133 (E.D. Cal. Jan. 13, 2025), findings and recommendations adopted by 2025 WL 1116586 (E.D. Cal. Apr. 15, 2025).

Like the complaint in the case cited above, Plaintiff's current SAC does not present a cogent, non-frivolous claim. In light of the Court's lack of subject matter jurisdiction, Eleventh Amendment immunity, and the SAC's deficiencies, it appears granting leave to amend would be futile. The SAC should therefore be dismissed without leave to amend. *See Lopez*, 203 F.3d at 1130-31; *Cato v. United States*, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

/ / /

/ / /

---

[2] Plaintiff's filing at ECF No. 14 also moves to strike and reconsider the order issued by the District Judge denying the motion for judicial disqualification (ECF No. 10). This motion is not addressed here as it may be mooted if these findings and recommendations are adopted.

## V. CONCLUSION

In accordance with the above, IT IS ORDERED that:

1. Plaintiff's filings at ECF Nos. 16, 17, and 18 will be disregarded;
2. Plaintiff's request to correct the Docket (ECF No. 15) is GRANTED IN PART and DENIED IN PART; and
3. The Clerk of Court is directed to update the Docket to add the Democratic Party and Governor Gavin Newsom as defendants on the Docket.

Further, in accordance with the above, IT IS RECOMMENDED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be DENIED;
2. Plaintiff's SAC (ECF No. 13) be DISMISSED without leave to amend;
3. Plaintiff's motion for judgment on the pleadings (ECF No. 9) be DENIED as moot;
4. The portion of ECF No. 14 related to Plaintiff's request to stay the case be DENIED as moot; and
5. The Clerk of the Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  June 20, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

5, swar.0902.25

10